## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN MILLER, Individually and on Behalf of All Others Similarly Situated,<br><br><br>Plaintiffs,<br><br>vs.<br><br>GALENA BIOPHARMA, INC., MARK J. AHN, MARK W. SCHWARTZ, RYAN M. DUNLAP, and JOHN T. BURNS,<br><br>Defendants. | No.: 2:17-cv-00929-KM-JBC<br><br>[PROPOSED] ORDER CONSOLIDATING RELATED ACTIONS, APPOINTING LEAD PLAINTIFFS AND CO-LEAD COUNSEL<br><br>CLASS ACTION |
| SUE KATTUAH, Individually and on Behalf of All Others Similarly Situated,<br><br><br>Plaintiffs,<br><br>vs.<br><br>GALENA BIOPHARMA, INC., MARK J. AHN, MARK W. SCHWARTZ, RYAN M. DUNLAP, and JOHN T. BURNS,<br><br>Defendants. | No.: 2:17-cv-01039-KM-JBC<br><br>CLASS ACTION |

1

WHEREAS, the above-captioned securities class actions (the "Securities Class Actions") have been filed against Galena Biopharma, Inc., et al. (collectively "Defendants"), alleging claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder;

WHEREAS, Federal Rule of Civil Procedure 42(a) provides that a court may order all actions consolidated if they involve "common issues of law or fact." The Securities Class Actions involve common legal and factual issues; thus, efficiency and consistency will result from their consolidation;

WHEREAS, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(A)(i), on February 13, 2017, a notice was issued to potential class members of the action informing them of their right to move to serve as lead plaintiff within 60 days of the date of the issuance of said notice;

WHEREAS, on April 17, 2017, Plaintiffs John Pagoumian, Winnie Lu, Peter Gianoukas and Robert McDonald ("Movants" or the "Galena Investor Group"), timely moved the Court to consolidate the related actions, for appointment as lead plaintiffs and to approve their selection of counsel;

WHEREAS, the PSLRA, provides, *inter alia*, that the most-adequate plaintiff to serve as lead plaintiff is the person or group of persons that has either filed a complaint or has made a motion in response to a notice, and has the largest financial

2

interest in the relief sought by the Class and satisfies the pertinent requirements of Fed. R. Civ. P. 23;

WHEREAS, 15 U.S.C. § 78u-4(a)(3)(B) provides, *inter alia*, that as soon as practicable after the decision on consolidation is rendered, the Court shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions;

WHEREAS, the Court finding that Movants have the largest financial interest in this action and *prima facie* satisfy the typicality and adequacy requirements of Fed. R. Civ. P. 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); and

**IT IS HEREBY ORDERED THAT:**

## CONSOLIDATION OF SECURITIES CLASS ACTIONS

1.      The Securities Class Actions are consolidated for all purposes including, but not limited to, discovery, pretrial proceedings and trial proceedings pursuant to Federal Rule of Civil Procedure 42(a).

## MASTER DOCKET AND CAPTION

2.      The docket in Case No. 2:17-cv-00929-KM-JBC shall constitute the Master Docket for this action.

3.      Every pleading filed in the consolidated action shall bear the following caption:

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------X

In re Galena Biopharma, Inc. Securities       Master File 2:17-cv-00929-KM-JBC
Litigation

CLASS ACTION

------------------------------------------------X

This Document Relates To:

4.     The file in civil action no. 2:17-cv-00929-KM-JBC shall constitute a master file

for every action in the consolidated action. When the document being filed pertains to

all actions, the phrase "All Actions" shall appear immediately after the phrase "This

Document Relates To:". When a pleading applies to some, but not all, of the actions,

the document shall list, immediately after the phrase "This Document Relates To:",

the docket number for each individual action to which the document applies, along

with the last name of the first-listed plaintiff in said action.

5.     All Securities Class Actions subsequently filed in, or transferred to, this District

shall be consolidated into this action. This Order shall apply to every such action,

absent an order of the Court. A party objecting to such consolidation, or to any other

provisions of this Order, must file an application for relief from this Order within ten

days after the date on which a copy of this Order is mailed to the party's counsel.

6.      This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action, with good cause shown.

## APPOINTMENT OF LEAD PLAINTIFFS AND CO-LEAD COUNSEL

1.      Pursuant to Section 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), Movants are appointed as Lead Plaintiffs of the class, as Movants have the largest financial interest in this litigation and otherwise satisfy the requirements of Federal Rule of Civil Procedure 23.

2.      Movants' choice of counsel is approved, and accordingly, The Rosen Law Firm, P.A. and Glancy Prongay & Murray LLP are appointed as Co-Lead Counsel and Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. is appointed as Liaison Counsel.

3.      Co-Lead Counsel, after being appointed by the Court, shall manage the prosecution of this litigation. Co-Lead Counsel are to avoid duplicative or unproductive activities and are hereby vested by the Court with the responsibilities that include, without limitation, the following: (1) to prepare all pleadings; (2) to direct and coordinate the briefing and arguing of motions in accordance with the schedules set by the orders and rules of this Court; (3) to initiate and direct discovery; (4) prepare the case for trial; and (5) to engage in settlement negotiations on behalf of Lead Plaintiffs and the Class.

SO ORDERED:

Dated ___July 17___, 2017

_____

Hon. Kevin McNulty
U.S. District Judge